Kosciusko Superior Court 4
Filed: 4/27/2020 3:12 PM
Clerk
Kosciusko County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE KOSCIUSKO CIRCUIT COURT |
| ) SS: | | |
| COUNTY OF KOSCIUSKO ) | | CAUSE NO. 43D04-2004-CT-000040 |

SHAMEKA PHILLIPS,          )
                           )
        Plaintiff,         )
                           )
    v.                     )
                           )
BIOMET, INC.,              )
                           )
        Defendant.         )

## COMPLAINT

Plaintiff alleges against Defendant that:

1. Plaintiff is Shameka Phillips, a qualified African-American/Black employee of Defendant who performed within the reasonable expectations of her employer at all times material to this Complaint. Plaintiff alleges that she has been discriminated against, that she has suffered disparate discipline, and that she has been the victim of retaliation – all contrary to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII"). Plaintiff also contends that she has been denied the contractual benefits (including privileges, benefits, entitlements of employment) as similarly-situated Caucasians in violation of 42 U.S.C. § 1981.

2. The Defendant is Biomet, Inc., a company doing business at 56 E. Bell Drive, Warsaw, IN 46580. Its registered agent is Corporation Service Company, 135 N. Pennsylvania St., Suite 1610, Indianapolis, IN 46204. Defendant is an "employer" for the purposes of Title VII and § 1981.

–1–

3. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about August 14, 2019, a copy of which is attached hereto, incorporated herein, and made a part hereof as "Ex. A." The EEOC issued its Dismissal and Notice of Rights on or about January 28, 2020, a copy of which is attached hereto and made a part hereof as "Ex. B." All jurisdictional prerequisites have been met, and all administrative remedies have been exhausted for the filing of this lawsuit.

4. Plaintiff first worked for Defendant as a temporary employee in April 2017, and became a direct hire in approximately October 2017. Plaintiff was one of the very few African-American/Black employees, and the only African-American/Black employee in her department.

5. Until a new supervisor, Spencer Livingood, became Plaintiff's supervisor in January 2019, Plaintiff did not have any disciplinary issues. Mr. Livingood, however, demonstrated a clear and marked attitude of racism, and began to target Complainant with over-scrutinization and false write-ups.

6. Plaintiff complained to management regarding Mr. Livingood's discriminatory behaviors on multiple occasions, and was eventually moved to a different shift to be separated from Mr. Livingood.

7. Shortly after being moved to a different shift, Plaintiff received an emergency phone call regarding her sister's medical condition while at work. Employees of Defendant were permitted to have and use phones during work hours, so long as the use was minimal and they went outside to take the call. Plaintiff did so, but when she

returned from taking the call learned she was being written up and suspended for three days for doing so—something that did not happen to Caucasian employees who utilized their phones while at work.

8. Plaintiff returned to work after her three-day suspension, and just before lunch on August 16, 2019 was informed that she was being terminated for allegedly violating "rules" for taking the emergency phone call in addition to her previous write-ups from Livingwood.

9. Plaintiff contends that the reasons alleged for her termination were false and pretextual, and in reality, she was discriminated against on the basis of her race/color, and retaliated against for complaining of the discrimination, in violation of her rights under Title VII and § 1981.

10. Defendant's discriminatory and retaliatory conduct was the direct and proximate cause of Plaintiff suffering the loss of her job and job-related benefits, including income, and subjected her to emotional distress, embarrassment, humiliation, and other damages and injuries.   Plaintiff seeks compensatory damages.

11. Furthermore, Defendant's discriminatory and retaliatory actions were knowing, intentional, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory damages, punitive damages, reasonable attorney fees and costs, and all other just and proper relief.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by

jury in this action.

          Respectfully submitted,

          **CHRISTOPHER C. MYERS & ASSOCIATES**

          /s/Christopher C. Myers
          Christopher C. Myers, #10043-02
          809 South Calhoun Street, Suite 400
          Fort Wayne, IN 46802
          Telephone:   (260) 424-0600
          Facsimile:    (260) 424-0712
          E-mail:       cmyers@myers-law.com
          Counsel for Plaintiff